IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEVIN D. ROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:11-CV-110 |
| | ) |
| ADAM TAVITAS, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This matter is before the Court on: (1) the amended complaint filed under 42 U.S.C. § 1983 (DE #10) by Kevin D. Roy, a *pro se* prisoner, on June 1, 2001; and (2) the Motion to Present Additional Evidence, filed by Plaintiff, Kevin D. Roy, on June 21, 2011 (DE #12).  For the reasons set forth below, the Motion to Present Additional Evidence (DE #12), is **GRANTED**, and this Court has considered the evidence submitted in that Motion.  However, for the reasons stated below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Roy brought this action on March 29, 2011 (DE #1).  On June 1, 2011, he filed an amended complaint (DE #10).

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Roy is suing his public defender, Adam Tavitas, for providing ineffective assistance in a state criminal case. (DE #10.) To state a claim under 42 U.S.C. § 1983, the plaintiff must establish the deprivation of a right secured by the Constitution or laws of the United States. *Rodriguez v. Plymouth Ambulance Service,* 577 F.3d 816, 822 (7th Cir. 2009). He also must show that the alleged deprivation was committed by a person acting under the

color of state law. *Id.* The Supreme Court has held that, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Tavitas is not a state actor who can be sued for constitutional violations under 42 U.S.C. § 1983.

In limited situations, a private citizen may be held liable under 42 U.S.C. § 1983 when he conspires with a public employee to deprive another person of his constitutional rights. *See Wilson v. Price,* 624 F.3d 389, 394 (7th Cir. 2010). It appears Roy may be attempting to allege such a claim, as he makes general assertions about Tavitas conspiring with the prosecutor. (DE #10 at 8-10.) However, a plaintiff "may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of their claims." *Wilson,* 624 F.3d at 394; *see also Loubser v. Thacker,* 440 F.3d 439, 443 (7th Cir. 2006) ("bare" allegation of conspiracy is insufficient to state a claim). At most, Roy alleges that a conspiracy existed between Tavitas and the prosecutor because Tavitas advised him to plead guilty even though Roy wanted to proceed to trial. (*See* DE #10 at 8-10.) This alone does not show a conspiracy, because it is equally plausible that Tavitas believed it was in Roy's best interest to plead guilty in light of the evidence against him. Roy has failed to allege a

3

plausible conspiracy claim involving his public defender and the prosecutor and, accordingly, his complaint must be dismissed.

CONCLUSION

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.


**DATED: July 11, 2011**                /s/ **RUDY LOZANO, Judge**
                                        **United States District Court**